Justice Thomas,
concurring.
I write separately to note that I continue to adhere to my position that “the Confrontation Clause is implicated by extrajudicial statements only insofar as they are contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions.” White v. Illinois, 502 U. S. 346, 365 (1992) (opinion concurring in part and concurring in judgment); see also Giles v. California, 554 U. S. 353, 378 (2008) (concurring opinion) (characterizing statements within the scope of the Confrontation Clause to include those that are “sufficiently formal to resemble the Marian examinations” because they were Mirandized or custodial or “accompanied by [a] similar indicia of formality” (internal quotation marks omitted)); Davis v. Washington, 547 U. S. 813, 836 (2006) (opinion concurring in judgment in part and dissenting in part) (reiterating that the Clause encompasses *330 extrajudicial statements contained in the types of formalized materials listed in White, supra, at 365 (opinion of Thomas, J.)). I join the Court’s opinion in this case because the documents at issue in this case “are quite plainly affidavits,” ante, at 310. As such, they “fall within the core class of testimonial statements” governed by the Confrontation Clause. Ibid, (internal quotation marks omitted).